**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO. 3:13-cr-197-J-32JBT

WILLIAM ROLAND BAKER

## O M N I B U S   O R D E R

This is a child pornography case. Before the Court are Defendant William Roland Baker's motions to exclude and suppress evidence, the Government's responses thereto, and a Report and Recommendation as to Defendant's motion to suppress issued by the Magistrate Judge. On October 29, 2015 and November 4, 2015, the Court heard argument on the motions, the record of which is incorporated herein.

**Defendant's Motion to Exclude Evidence Offered Pursuant to FRE 414 (Doc. 40)**

After the Government filed notice, pursuant to Rule 414, Federal Rules of Evidence ("Rule(s)"), of its intent to offer evidence of Defendant's 1995 Florida state court conviction for Lewd and Lascivious Conduct on a Child Under 16 Years of Age (Doc. 7), Defendant moved to exclude the evidence as irrelevant under both Rules 401 and 403. Defendant also invites the Court to apply the considerations set forth in Rule 609, which generally limits the use of convictions more than ten years old.

Rule 414 provides, in pertinent part, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). An "offense of child molestation," as contemplated by Rule 414(d)(2), includes violations of 18 U.S.C. §

2252(a)(4)(B), possession of child pornography, the offense with which Defendant is charged in Counts One and Two of the Indictment. United States v. Carino, 368 Fed. Appx. 929, 929 (11th Cir. 2010); see Doc. 1. Unlike Rule 609, Rule 414 contemplates neither a temporal limit on the use of prior incidents of child molestation, nor a limit as to the purposes for which the evidence may be used. Rather, Rule 414 provides that evidence of past child molestation "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, Rule 414 "permit[s] the introduction of propensity evidence and thus contain[s] exceptions to Rule 404(b)'s general ban on propensity evidence in . . . 'child molestation' cases." United States v. Brimm, 608 Fed. Appx. 795, 798 (11th Cir. 2015) (citing United States v. McGarity, 669 F.3d 1218, 1243-44 (11th Cir. 2012)). The Eleventh Circuit has stated that "in prosecutions for possession or receiving child pornography evidence that a defendant has engaged in child molestation in the past is admissible as evidence that he is more likely to have committed the offense charged." Carino, 368 Fed. Appx. at 930.

According to the Government, it seeks to introduce the 1995 conviction to show Defendant's propensity to commit the child pornography crime charged, prurient interest in children, intent to possess and knowledge that he possessed child pornography, and lack of mistake or accident. This evidence of Defendant's prior conviction is relevant and therefore may be admitted for each of these purposes under Rule 414.

The age of the conviction does not alter this decision. Unlike Rule 609, Rule 414 contains no presumptive age limitation. Indeed, the Eleventh Circuit has approved

the use of a 32 year old prior incident of child molestation in a prosecution for possession and receiving child pornography. Carino, 368 Fed. Appx. at 929-30. While acknowledging that Defendant's conviction is old and that the age of the conviction can be a relevant consideration, the Court declines to declare it inadmissible in this case.

Even evidence admissible under Rule 414 is still subject to Rule 403's balancing test. Fed. R. Evid. 414(c); United States v. Woods, 684 F.3d 1045, 1064 (11th Cir. 2012) (applying Rule 403 to evidence admissible under Rule 414). The Court therefore also considers the admissibility of the conviction under Rule 403, which requires weighing the probative value of the conviction against the risk of unfair prejudice and other factors.

The Government has represented that it intends to introduce the fact of Defendant's conviction through the judgment, and does not plan to delve further into the details of the conviction. Although there is a risk of some prejudice, the admission of Defendant's 1995 conviction does not create a risk of unfair prejudice that substantially outweighs its probative value. See United States v. Cooper, 433 Fed. Appx. 875, 877 (11th Cir. 2011) (finding, under Rule 403, evidence of defendant's prior convictions for child molestation "highly probative because it tended to show that the [sic] Cooper intentionally downloaded child pornography, that he knew the images were child pornography, and that he had not mistaken them for anything other than that."); United States v. Adleta, No. 6:13-cr-94-Orl-22GJK, 2013 WL 4734824 (M.D. Fla. Sept. 3, 2013) (explaining that, with respect to evidence admitted under Rules

403, 413, and 414, "[a]s to Rule 403 balancing, this evidence is naturally prejudicial. It is, however, not <u>unfairly</u> prejudicial, but rather is prejudicial for the same reason it is probative—it tends to prove [the defendant's] propensity to molest young children"), <u>aff'd on other grounds</u>, 591 Fed. Appx. 925 (11th Cir. 2015). Accordingly, Defendant's motion to exclude evidence of the prior conviction, as set forth in the motion, will be denied.

Defendant also made an <u>ore tenus</u> motion to exclude certain statements regarding the 1995 conviction he made to agents during an interview in connection with this case. The Court requested that Defendant's counsel submit the FBI 302 containing Defendant's statements for review. While the Court has already determined that Defendant's prior conviction is admissible, upon reviewing the FBI 302 and considering the admissibility of the statements in accordance with Rules 403 and 404, the Court concludes that the risk of unfair prejudice to Defendant if the statements are admitted substantially outweighs what appears to be their limited probative value. <u>See</u> <u>Cooper</u>, 433 Fed. Appx. at 877-78 (noting that even if admission of prior conviction was prejudicial, "any unfair prejudice was greatly minimized because the district court admitted the evidence in the limited form of certified convictions instead of live testimony, the specific details of the crimes were not disclosed, and the district court instructed the jury that the evidence was only to be considered for the limited purpose of proving Cooper's intent, knowledge, and lack of mistake."). Accordingly, the Government may not introduce evidence of the statements

related to Defendant's 1995 conviction (specifically paragraphs 9, 11, and 13 of the 302) absent further Order of the Court.[1]

**Defendant's Motion to Suppress Physical Evidence (Doc. 83)**

Defendant's motion seeks to suppress a poem entitled "Me and Bill" seized by law enforcement during the execution of a search warrant at Defendant's residence.[2] On October 15, 2015, the Magistrate Judge entered a Report and Recommendation recommending the motion be denied. (Doc. 89.) After an independent de novo review of the record, and noting that neither Defendant nor the Government filed objections within the time permitted, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. Defendant's motion to suppress therefore will be denied.

**Defendant's Motion in Limine to Prohibit the Introduction and Publication of the Images of Purported Child Pornography, to Prohibit the Introduction of Evidence of Temporary Files [sic] Other Images with Child Pornography – Not Charged in the Indictment (Doc. 91)**

Defendant seeks to exclude, pursuant to Rules 401, 403, and 404, evidence of four "Phash" temporary files, purported to be videos of child pornography located on the Toshiba hard drive recovered from Defendant's residence, and evidence of images of child pornography and child erotica that are not charged in the Indictment. During the October 29, 2015 hearing, the Government represented that it did not plan to

---

[1] If, however, the Government wishes to make a proffer before trial, the Court will make a final decision on the admissibility of the statements following such proffer.

[2] The poem is also the subject of a motion in limine (Doc. 92). The Government represented at the October 29, 2015 hearing that it no longer planned to introduce the poem in its case in chief.

5

introduce this evidence. Accordingly, Defendant's motion will be granted to the extent that it seeks to prohibit introduction of evidence of temporary files or other images beyond the five charged in the Indictment.

Defendant further moves in limine to prohibit the Government from publishing to the jury the five images charged in the Indictment. The Court had extensive discussion of this issue with the parties at the October 29 and November 4, 2015 hearings, which is incorporated by reference. The Government is limiting itself to only the five images charged in the Indictment, out of 338 recovered, and the images are still photographs, not videos. The Court reviewed the images at the November 4 hearing and while they are disturbing, they do not rise to the extremely prejudicial level of those excluded by the Third Circuit in United States v. Cunningham.[3] Although the Court continues to be concerned about the prejudicial effect these types of graphic and revolting images can have on a jury, the Court finds in this case that any "unfair prejudice" of showing them to the jury does not substantially outweigh their probative value. Therefore, to the extent that Defendant seeks to preclude the introduction and publication to the jury of the five images of child pornography charged in the Indictment, Defendant's motion will be denied.

---

[3] 694 F.3d 372 (3d Cir. 2012). The appeals court determined that the lower court abused its discretion in part by showing the jury two videos of child pornography that "portray[ed] bondage or actual violence" that were "enough to generate even more intense disgust" than other types of child pornography. Id. at 390 (internal quotation marks omitted).

In an effort to mitigate as much as possible any prejudicial effect of the jury's viewing of the images, the Court will give a cautionary instruction at the time the images are introduced and published by the Government, as well as at the close of the evidence. The Court will also carefully question prospective jurors during voir dire and excuse those who cannot handle this type of evidence

**Defendant's Motion in Limine Evidence [sic] of the "Me and Bill" Letter (Doc. 92)**

The Government represented that it does not intend to introduce evidence of this poem during its case in chief, but may seek to do so in rebuttal if necessary. The motion therefore will be granted. The Government may not introduce evidence of the "Me and Bill" poem without seeking further approval from the Court.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Exclude Evidence Offered Pursuant to FRE 414 (Doc. 40) is **DENIED**.

2. Defendant's ore tenus motion to exclude statements memorialized in the FBI 302 form is **GRANTED** as stated herein.

3. The Magistrate Judge's Report and Recommendation (Doc. 89) is **ADOPTED** and **INCORPORATED** by reference into this Omnibus Order. Defendant's Motion to Suppress Physical Evidence (Doc. 83) is **DENIED**.

4. Defendant's Motion in Limine to Prohibit the Introduction and Publication of the Images of Purported Child Pornography, to Prohibit the Introduction of Evidence of Temporary Files [sic] Other Images with Child

Pornography – Not Charged in the Indictment (Doc. 91) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

5. Defendant's Motion in Limine Evidence [sic] of the "Me and Bill" Letter (Doc. 92) is **GRANTED**. The Government may not introduce evidence of this poem without seeking further approval from the Court.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of November, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ab
Copies:

Hon. Joel B. Toomey
United States Magistrate Judge

David Rodney Brown, AUSA
Thomas M. Bell, Esquire
Defendant